UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI FURNACE CO. d/b/a ) | |
| J&S HEATING & COOLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 4:06CV421 HEA |
| ) | |
| AXIS HEATING AND AIR ) | |
| CONDITIONING, INC., d/b/a J&S ) | |
| HEATING AND AIR CONDITIONING ) | |
| and JOSEPH E. SALLEE, ) | |
| ) | |
| Defendants. | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, [Doc. # 3]. On March 6, 2006, the Court held a hearing on plaintiff's Motion. Defendants were present in person and through counsel. At that hearing, the parties stated that settlement discussions had already occurred and that they were open to the continuation of their discussions. The Court allowed the parties until March 8, 2006, at noon to continue discussions and ordered the parties to submit a status report at that time. The parties have both submitted status reports and have advised the Court that this matter has not been resolved. The Court, therefore will address the pending motion.

Plaintiff alleges in its Verified Complaint that defendants have violated

Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c) through defendant's use of the name "J&S Heating and Air Conditioning" in the Southwestern Bell Yellow Pages, which was published in December, 2005. Plaintiff claims that "J&S Heating & Cooling" is its registered name and common law service mark. Plaintiff further alleges that defendant's use of the name "J&S Heating and Air Conditioning" infringes its mark and further that the use dilutes the distinctive quality of the mark. Plaintiffs seek entry of a temporary restraining order and preliminary injunction which would enjoin defendants from using the term, "J&S Heating and Cooling," "J&S Heating and Air Conditioning," "J&S," or any other name, mark, or marketing vehicle confusingly similar to its mark. Further, plaintiff prays that defendant be enjoined from using the telephone numbers listed in the Southwestern Bell Telephone advertisement. Plaintiff also seeks compensatory damages for injuries sustained by plaintiff as a consequence of defendants' actions. Plaintiff also requests that these damages be trebled because plaintiff contends defendants' actions were willful.

The entry of a temporary restraining order is governed by Rule 65(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified

>complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

**Fed.R.Civ.P. Rule 65(b)**.

Preliminary injunctive relief functions to "preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059 (8th Cir. 1997) (citations omitted). Whether the equitable remedy of a preliminary injunction should issue depends upon four factors: "(1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest. See *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981). A district court has broad discretion when ruling on preliminary injunction requests, and we will reverse only for clearly erroneous factual determinations, an error of law, or an abuse of discretion. *United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1179 (8th Cir.1998)." *Emerson Elec. Co. v. Rogers*, 418 F.3d 841 (8th Cir. 2005).

Based on the hearing on March 6, 2006, there has been no showing of specific facts that immediate and irreparable injury, loss or damage will result to plaintiff. Plaintiff is therefore not entitled to the issuance of a temporary restraining order.

With respect to plaintiff's request for a preliminary injunction, although plaintiff may be able to establish a likelihood of success on the merits, (based solely on the allegations contained in the Verified Complaint, and keeping in mind that defendant has not yet had the opportunity to dispute these allegations), currently plaintiff admits that there is no evidence of actual confusion yet. While a threat of harm may exist at this time, plaintiff has failed to establish a key element for the issuance of a preliminary injunction, *i.e.*, the balance between the harm to plaintiff and that to defendant. Defendant argues that plaintiff's proposed solution, to divert calls to two other telephone numbers, will result in substantial harm because prospective customers will simply choose another heating and air conditioning company.[1]

---

[1] In its status report, Defendant urges that using a recording will result in prospective customers choosing another company, which is why for over 20 years defendants have answered the phone with a live person during normal business hours. The Court notes that this practice may have recently changed because, in conducting its own research, when telephoning the number listed in the advertisement during normal business hours, a recording advised the caller to "leave a message."

Based on the lack of evidence of any actual confusion at this time, the Court is of the opinion that the issuance of a temporary restraining order and preliminary injunction is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, [Doc. # 3], is denied, without prejudice.

Dated this 13th day of March, 2006.

_____
   HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE